■ In the Matter of the Claim of JEAN GREENFIELD, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 25, 1971, which determined that claimant was ineligible to receive benefits effective July 6, 1970, because she did not file a valid original claim, in that she did not have at least 20 weeks of covered employment in her base period and also determined that claimant was ineligible to receive benefits effective March 10, 1970 through July 5, 1970, in that she failed to comply with reporting requirements. Claimant, employed for 15 years by a steamship company, was discharged on February 13, 1970 due to lack of work. She had worked for the employer in New York until August 19, 1969 when she was transferred to its New Jersey office. Claimant, a New York resident, reported to an unemployment officer in New York on February 16, 1970 to file a claim for benefits. Upon review of her employment record, she was advised that she could file either in New York or New Jersey because she had sufficient weeks of covered employment in each State to support either claim. She was informed that the benefit rate in New York would be $64 and the New Jersey rate would be $69. Claimant then filed in New Jersey effective February 16, 1970 and received 19 checks at the $69 benefit rate, and a partial check of $35 for the 20th week, her benefit rights being exhausted on July 5, 1970. Claimant then filed a claim for benefits in New York, effective July 6, 1970 establishing a base period from July 7, 1969 through July 5, 1970. In this base period claimant had only seven weeks of covered employment in New York with earnings of $775. She was ruled ineligible for benefits because of insufficient weeks of covered New York employment, and also ineligible to receive benefits effective March 10, 1970 through July 5, 1970 because of her failure to comply with reporting requirements, this latter apparently upon her assertion that she had filed a claim on February 16, 1970. The board determined that " claimant having elected to file her New Jersey claim first, she had insufficient weeks of covered employment remaining in her base period when she sought to file her New York claim to establish a valid original claim ". Appellant now contends that the local office did not advise her fully and properly; that they misrepresented facts; and that their lack of knowledge as to proper procedure should not deprive her of her rightful benefits. This contention is apparently based upon the fact that had claimant filed first in New York, she would have been entitled to receive benefits in New Jersey when the New York benefits had been exhausted. Section 592 of the Labor Law prohibits concurrent payments, and also provides that no days of total unemployment shall be deemed to occur in any week with respect to which a claimant has received benefits under the law of any other State. Claimant having filed and received benefits in New Jersey, she could not have a valid claim in effect in New York on February 16, 1970. Further, claimant's own testimony indicates that her election to file in New Jersey was motivated by the additional amount of benefits available in New Jersey; the fact that she expected to become re-employed; and the advice of others who told her to go to New Jersey. There is no evidence of any misrepresentation of facts by the local office. Although the local office failed to advise her of the long range effect of filing in New Jersey first, claimant knew that she had the right of election to file in either State. Further, there is no indication that claimant in February, 1970 would have filed first in New York even if the long range effects had been explained to her. The

644

determination of the board should be affirmed. Decision affirmed, without costs. Herlihy, P. J. Reynolds, Aulisi, Staley, Jr., and Simons, JJ., concur.